**Date Signed:**
**May 8, 2025**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>PATRICK KAIPONOHEA RICHARDSON,<br><br>Debtor. | Case No. 24-00952<br>Chapter 13<br><br>Related Docket No.: 47 |

## ORDER SUSTAINING OBJECTION TO CLAIM NO. 5

**I.  Background**

This decision considers whether state tax obligations dating back more than twenty-eight years are enforceable in bankruptcy.

The Department of Taxation of the State of Hawaii ("DoTax") filed Claim Number 5 on January 29, 2025. According to DoTax's claim, Mr. Richardson owes $395,769.75 in unpaid general excise taxes for the years

1987 to 1997. DoTax filed "Certificates of State Tax Lien" in the Bureau of Conveyances but took no other collection action until Mr. Richardson commenced this bankruptcy case. The proof of claim also asserts that Mr. Richardson owes income taxes for 2016 and 2017 in the amount of $11,609.78; this portion of the claim is unsecured.

Mr. Richardson objected to the secured portion of DoTax's claim on April 1, 2025.[1] A hearing was held on the objection on May 6, 2025. Edward Magauran, Esq., appeared for Mr. Richardson and Cynthia Johiro, Esq., appeared for DoTax. After hearing the parties' arguments, the court took the matter under advisement.

Mr. Richardson asserts that the court should disallow the secured portion of the claim because the debt is time barred under applicable state law. Because DoTax's claim is not allowed, Mr. Richardson argues that the lien securing it must be avoided.

DoTax argues that no state law establishes a time limit for filing a proof of claim in a taxpayer's bankruptcy case, so its claim must be

---

[1] The operative objection is the third amended objection.

allowed.

II.     Discussion

To determine the allowed amount of a claim, one first looks to state law. Section 502(b)(1) provides that the court must allow a claim "except to the extent that such claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law . . . ." Mr. Richardson contends that "applicable law" includes Haw. Rev. Stat. § 237-40:

> Where the assessment of the tax imposed by this chapter has been made within the period of limitation applicable thereto, the tax may be collected by levy or by a proceeding in court under chapter 231; provided that the levy is made or the proceeding was begun within fifteen years after the assessment of the tax.

Chapter 231 states the methods that DoTax may use to collect taxes. Section 231-25 provides that DoTax may commence an "action in assumpsit . . . in any district court, irrespective of the amount claimed," or levy on and sell the taxpayer's property without judicial involvement. Section 231-33(b) provides that tax debts are secured by a lien. DoTax may enforce the lien either by filing an action "in the circuit court of the judicial circuit in which the property is situated," § 231–62(b), or by nonjudicial foreclosure. § 231–

3

63.

There is no dispute that, as to the secured portion of DoTax's claim, the fifteen-year period has expired. DoTax assessed the most recent tax in 1997, about twenty-eight years ago.

DoTax argues that the fifteen-year limit only applies to the collection methods spelled out in chapter 231 and that, because that chapter does not mention filing a proof of claim in a bankruptcy case, the time limit does not apply. I disagree. Section 502(b) directs the court to determine the amount of the claim "as of the date of the filing of the petition" commencing the bankruptcy case, and to disallow any claim that was "unenforceable" as of that date. When Mr. Richardson filed his bankruptcy petition, his secured debt to DoTax was unenforceable because it was more than fifteen years old. Mr. Richardson's petition did not revive that debt.

DoTax argues that the expiration of the fifteen-year period does not extinguish the tax debt. This may or may not be true, but it is irrelevant. Under the Bankruptcy Code, a claim that is "unenforceable" must be disallowed, even if the claim continues to exist in some metaphysical sense.

4

DoTax argues that, even if its claim is disallowed, its tax lien survives because liens generally ride through bankruptcy unimpaired. DoTax relies on *Dewsnup v. Timm*, 502 U.S. 410 (1992), where the Supreme Court held that a chapter 7 debtor cannot employ section 506(a) and (d) to "strip down" an underwater lien to the value of the collateral. The Court emphasized that its decision did not apply to "all possible fact situations," *id*. at 416. *Dewsnup* does not support DoTax's argument for two reasons.

First, *Dewsnup* was a chapter 7 case, while this is a chapter 13 case. The Court has recognized that a chapter 13 debtor can "cram down" a plan that limits a creditor's secured claim to the value of its collateral. *Associates Commercial Corp. v. Rash*, 520 U.S. 953 (1997).

Second, unlike the debtor in *Dewsnup*, Mr. Richardson is not attempting to "freeze [DoTax's] secured interest at the judicially determined valuation." *Id*. at 417. Rather, he is asking the court to determine that DoTax has no enforceable claim at all.

Accordingly, Mr. Richardson's objection to Claim Number 5 is SUSTAINED, and the secured portion of Claim 5 filed by DoTax is

5

DISALLOWED. This decision does not change the unsecured portion of Claim 5, to which Mr. Richardson did not object.

**END OF ORDER**