**Date Signed:**
**July 18, 2025**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>PATRICK KAIPONOHEA RICHARDSON,<br><br>Debtor. | Case No. 24-00952<br><br>Chapter 13<br><br>Related Docket No.: 74 |

## ORDER ON OBJECTION TO CLAIM NO. 4

The Helen-Edythe Richardson Trust ("Trust") filed Claim Number 4 on December 24, 2024. Patrick Kaiponohea Richardson objected to the claim on May 11, 2025.[1] A hearing was held on the objection on June 13, 2025.[2] Ed Magauran, Esq., appeared for Mr. Richardson and Skylar Lucas, Esq., appeared for Pegi Louise Braun, successor trustee ("Trustee Braun")

---

[1] The operative objection to claim is the "Third Amended Objection to Claim 4." ECF 74.
[2] The court also confirmed the debtor's plan, with some modifications, during the same hearing. ECF 93.

of the Trust. After hearing the parties' arguments, I took the matter under advisement.

**I. Background**

Many of the historical facts are undisputed. Neither party has requested an evidentiary hearing or objected to the admission of any evidence offered by the other party.

Mr. Richardson's mother, Helen-Edythe Richardson, owned a residence located at 99-104 Kihewa Place, Aiea ("Aiea Property"). During or before 2013, Mrs. Richardson conveyed the Aiea Property to the Trust. ECF 87-2 at 16-17. Mrs. Richardson took a reverse mortgage against the Aiea Property that was to become due upon her death.

Mr. Richardson has lived at the Aiea Property with his parents for his entire life. ECF 87-2 at 3. Trustee Braun contends that, beginning in 2018, Mr. Richardson paid rent of $1,200 per month plus a share of the utilities for the Aiea Property. ECF 87-1 at 2. Mr. Richardson denies that he ever paid rent; rather, he declares that, in late 2020, he began paying the Trust $1,200 per month to help cover the expense of housing Mrs. Richardson in

2

a senior living facility. ECF 91 at 2. He also declares that he collected the rent from tenants in a separate unit on the third floor of the Aiea Property and remitted those rents to Trustee Braun. He denies that he ever had any rental agreement, "written, oral, or otherwise," with the Trust or Trustee Braun. Rather, he declares that his mother always intended that the Aiea Property would be "my home and my inheritance, not something I would *ever* rent." *Id.* at 3.

On October 17, 2018, Mrs. Richardson redid her estate plan. She executed the Last Will and Testament of Helen-Edythe Richardson ("Will") and amended and restated the instrument creating the Trust.

The Will and the Trust identify Mr. Richardson and three of his siblings as intended beneficiaries, but they expressly disinherit another sibling, Ninia Elizabeth Richardson. ECF 74 at 24, 39.

The Will is a "pour-over" will which provides that the property of Mrs. Richardson's probate estate would be distributed to Trustee Braun. *Id.* at 25. The Will names Ms. Braun as the personal representative. *Id.* at 28. The Will gives the personal representative broad powers, including the

3

power to "permit any person having an interest in my Probate Estate, either directly or through any trust which is a devisee of this Will, to occupy any real property either rent free or in consideration of the payment of taxes, insurance, and maintenance costs as the Personal Representative deems proper under the circumstances[.]" *Id.* at 26.

The Trust specifies that Mr. Richardson was entitled to receive the Aiea Property:

> 3.03 Distribution of Trust Estate Upon GRANTOR'S Death. Upon GRANTOR's death, and after satisfaction of all payments and distributions provided for in Article II and Section 3.01 and 3.02 above, TRUSTEE shall divide and distribute the remaining Trust Estate as follows:
> (a) Aiea Property. Any and all of GRANTOR'S fee simple interest in that certain real property situation at 99-104 Kihewa Place, Aiea, Hawaii 96701, as further described as Tax Map Key No. (1) 9-9-024-020, subject to any and all existing mortgages and encumbrances (or cash or other property derived from its sale or disposition) (the "Aiea Property"), shall be distributed to PATRICK KAIPONOHEA RICHARDSON.

ECF 74 at 44.

4

Mrs. Richardson passed away on March 17, 2021. *Id.* at 4. The disinherited daughter and two other family members brought suit in state court to contest the Trust. ECF 87-2. This resulted in protracted litigation. ECF 36 at 12-67.

Trustee Braun did not distribute the Aiea Property to Mr. Richardson immediately upon Mrs. Richardson's death because she could not pay the obligations that the Trust requires to be paid before distribution of the Aiea Property and because Mr. Richardson's siblings contested the validity of the Trust.

According to Trustee Braun, in July 2021, Mr. Richardson stopped making the monthly payments of $1,200 plus his share of the utilities. In February 2022, Trustee Braun gave Mr. Richardson notice of the delinquent payments and also increased the rent to $1,500 per month. Mr. Richardson did not respond to this notice and did not make any further payments. ECF 87-1 at 2.

In the meantime, a dispute arose between Mr. Richardson and Trustee Braun about a 2008 Ford Edge ("Ford"). The Trustee alleged that

5

Mr. Richardson improperly transferred the Ford from his mother's name to himself, even though the Ford belonged to the Trust.

Because the reverse mortgage matured upon Mrs. Richardson's death and was not repaid, the reverse mortgage lender filed a foreclosure suit in state court. The state court entered a decree of foreclosure on April 9, 2024. ECF 87 at 14-30.

In August 2024, Trustee Braun filed a petition in state court for authority to distribute the Aiea Property to Mr. Richardson. ECF 87 at 12. Trustee Braun explained that the Trust lacked funds to pay the reverse mortgage on the Aiea Property and was about to lose the property in the foreclosure. Other parties opposed the distribution. *Id.* The state court granted the petition on October 8, 2024, and the Trustee quitclaimed the Property to Mr. Richardson on October 17, 2024.

Mr. Richardson filed his chapter 13 petition that same day. He scheduled a fee simple interest in the Aiea Property and an ownership interest in the Ford.

U.S. Bankruptcy Court - Hawaii   #24-00952   Dkt # 100   Filed  07/19/25   Page 6 of 18

## II. The Parties' Contentions

The Trust's claim against Mr. Richardson is made of up two components. The first component is the Trust's claim for unpaid rent and utilities from July 2021 to April 2022 at $1,200 per month, and May 2022 to October 2024 at $1,500 per month for a claimed total of $69,240.54.[3]

The second component is the Ford. The Trust claims that Mr. Richardson should pay the Trust for the value of the Ford.

Mr. Richardson argues that the claim for rent and utilities is unenforceable and the proof of claim should be disallowed for three reasons. First, he believes that Mrs. Richardson's unambiguous intent was to gift the Aiea Property to him, so there cannot be a claim for rent. Second, he contends that no landlord-tenant relationship ever existed between Mr. Richardson and the Trust. Third, he argues that he should not have to pay rent because the Trustee failed to convey him the property in a timely manner. *See* Haw. Rev. Stat. § 554D-817(a).

---

[3] The rental amounts add to $55,500. The difference between this number and $69,240.54 could be for utilities, but the Trust has not itemized the utilities portion in the proof of claim.

U.S. Bankruptcy Court - Hawaii   #24-00952   Dkt # 100   Filed 07/19/25   Page 7 of 18

Mr. Richardson asserts that the claim for the Ford's value should be disallowed because it is unenforceable and unsubstantiated. He points out that the Trustee has not provided any documentation of the Trust's or Mrs. Richardson's ownership of the Ford, and that the Trustee's counsel admitted the Ford was no longer the Trust's responsibility.

Mr. Richardson also argues that the Trustee's proof of claim is procedurally deficient. He points to the lack of an itemized ledger for rent and utilities or the Ford.

Mr. Richardson requests attorney fees because he had to resort to litigation to enforce his rights under the trust.

The Trustee argues that the Trust's claim is enforceable for three reasons. First, under Hawaii law, Mr. Richardson entered into an oral, month-to-month tenancy that is enforceable against him. *See* Haw. Rev. Stat. §§ 521-8 (enforceable oral agreements); 666-2 (month-to-month tenancies). Second, the Trustee claims that Mrs. Richardson did not provide for an immediate transfer of the Aiea Property to Mr. Richardson on her death, nor did she unequivocally give Mr. Richardson the right to live in

8

the Aiea Property for free. Third, the Trustee asserts the Property could only be distributed to Mr. Richardson with court approval. The Trustee cites the contested nature of her petition to distribute the Property as evidence that the Property could not be conveyed to Mr. Richardson upon Mrs. Richardson's death.

The Trustee argues that the claim is not deficient because it is based on Hawaii law and the Federal Rules of Bankruptcy Procedure do not require her to produce the Ford's title.

The Trustee opposes Mr. Richardson's attorney's fee request. She argues that this proceeding is not a proceeding that seeks to administer or interpret a trust, so he cannot recover his attorney fees. Additionally, seeking rents for the Trust is beneficial to all the Trust's beneficiaries, which is in the Trust's best interest. *See* Haw. Rev. Stat. § 554D-1004(a).

Mr. Richardson filed an additional declaration in which he testified that Mrs. Richardson lived at a senior living facility near the end of her life, and the monthly cost of that facility was $7,000. He avers that in late 2020,

9

U.S. Bankruptcy Court - Hawaii    #24-00952    Dkt # 100    Filed  07/19/25    Page 9 of 18

the Trust became unable to pay for her care.[4] Mr. Richardson states that he "agreed to make monthly payments of approximately $1,200 to assist the Trust in covering this critical expense." ECF 91 at 2. He says that these payments were never intended to be rent, were wholly separate from the income he collected from the tenants at the Aiea Property, and that there was never an agreement for rent. He argues that there is no documentary or bookkeeping evidence that he ever paid rent to the Trust, and charging rent would be antithetical to Mrs. Richardson's wishes.

III.  **Legal Standard**

A claim is deemed allowed unless a party in interest objects. § 502(a).[5] The objector has the burden of production and must present sufficient evidence to overcome the presumption that the claim is allowable. *Shapiro v. NewTek Small Business Finance, LLC* (*In re Glob. One Media, Inc.*), 667 B.R. 878, 881 (B.A.P. 9th Cir. 2025). If the objector

---

[4] The Trust also owns or owned a property on Oahu's North Shore. According to Mr. Richardson, the tenants in that property were not paying rent, and that loss of rental income contributed to the Trust's inability to pay for Mrs. Richardson's care.
[5] All references are to Title 11 of the US Code and the Federal Rules of Bankruptcy Procedure unless otherwise stated.

10

successfully rebuts the presumption, the burden shifts to the claimant to prove the amount and validity of the claim by a preponderance of the evidence. *Id.* The claimant has the ultimate burden of persuasion. *Id.*

**IV.  Discussion**

  *a.  The claim for rent and utilities*

The parties disagree about whether there was an oral lease or rental agreement between the Trust and Mr. Richardson. I conclude that Mr. Richardson has provided enough evidence to rebut the presumption of allowability of this portion of the claim, and that Trustee Braun has not carried her ultimate burden of persuasion.

Trustee Braun says that Mr. Richardson agreed to pay rent, and began paying rent, in 2018. She offers no evidence to corroborate her statements, such as payment records.

Mr. Richardson swears that he never agreed to pay rent and that any payments he made were simply contributions to the expense of his mother's care. Mr. Richardson's testimony is plausible: parents in Hawaii frequently allow their adult children to continue to live with them without

11

paying rent; and adult children in Hawaii often contribute what they can to support their elderly parents. Trustee Braun's uncorroborated statements to the contrary are not sufficient to carry her burden of proof.

Moreover, it is not clear how Ms. Braun knows about agreements that the Trust made in 2018. We know that she became trustee when her mother passed away in 2021; she might have become trustee earlier, if Mrs. Richardson became disabled, but she offers no evidence that this happened.

Although I conclude that Trustee Braun has not carried her burden of proof on the rent claim, I disagree with many of Mr. Richardson's arguments.

Mr. Richardson argued that his mother intended that he could live in the Aiea Property without paying rent. The Trust does not support this contention. The Trust specifically states that the Grantor (Mrs. Richardson) could live in the property rent-free during her life, ECF 74 at 39. It contains no comparable provision entitling Mr. Richardson to live there without paying rent.

12

The Will also sheds light on Mrs. Richardson's intent.[6] It gives the personal representative the power to permit a beneficiary to reside in the Aiea Property "either rent free or in consideration of the payment of taxes, insurance, and maintenance costs as the Personal Representative deems property under the circumstances." ECF 74 at 26. In short, neither the Will nor the Trust required Trustee Braun to let Mr. Richardson live in the Aiea Property for free.

Mr. Richardson argues that he should not have to pay rent because Trustee Braun was required to transfer the Aiea Property to him immediately upon Mrs. Richardson's death. This ignores the provision of the Trust stating that the Trustee is to distribute the Property "after satisfaction of all payments and distributions provided for in Article II and Sections 3.01 and 3.02 . . . ." ECF 74 at 44. This means that Trustee Braun could not distribute the Aiea Property until (among other conditions) she paid all "costs incurred in settling [Mrs. Richardson's] affairs . . . ." ECF 74

---

[6] The Will does not control because Mrs. Richardson transferred the Aiea Property into the Trust before her death, so the Aiea Property never became subject to the Will.

13

at 42 § 2.04(b). The unresolved litigation brought by the disinherited daughter and siblings means that these conditions were not satisfied. Therefore, Trustee Braun could not distribute the Aiea Property to Mr. Richardson without prior court approval, and she did so immediately after the court gave its approval. Mr. Richardson's dissatisfaction with the speed of the probate process is insufficient to defeat the Trust's claim.

This means that the Trust was not precluded from charging Mr. Richardson rent or from evicting him if he refused to pay rent. But Trustee Braun has not proven that Mr. Richardson agreed (expressly or impliedly) to pay rent, and she did not attempt to evict him from the Aiea Property. Therefore, she has not carried her burden of proving that he is liable for rent on a contract theory.[7]

Trustee Braun's claim for utilities suffers from an additional defect. A proof of claim must include "an itemized statement of the principal amount and any interest, fees, expenses, or other charges incurred before the petition was filed[.]" Fed. R. Bankr. P. 3001(2)(A). There is no itemized

---

[7] Trustee Braun has not argued any other legal theory that might apply, such as unjust enrichment.

statement of the utilities.

### b. *The Ford*

The attachments to Trustee Braun's proof of claim allege that Mr. Richardson transferred the title to the Ford from his mother to himself on April 26, 2021, and that Mr. Richardson owes the Trust the value of the Ford as stated in Mr. Richardson's schedules. This meets all applicable formal requirements for a proof of claim of this kind, so this portion of Trustee Braun's claim enjoys the presumption of allowability.

Mr. Richardson has not carried his burden of offering evidence sufficient to overcome this presumption. Neither of his declarations even mention the Ford. The assertions in the memoranda signed by his attorney are not evidence.

Even if those assertions were supported by evidence, they would be insufficient.

Mr. Richardson points out that the Trust has not documented its ownership of the Ford. This is irrelevant because, at this stage, Mr. Richardson bears the burden of offering evidence to disprove Trustee

15

Braun's claim.

Mr. Richardson contends that Trustee Braun has not offered "any credible valuation." ECF 74 at 11. This is rather rich: Trustee Braun's proof of claim simply adopts Mr. Richardson's valuation of the Ford in his schedules. Surely Mr. Richardson is not suggesting that his own valuation is incredible.

Mr. Richardson argues that, when the attorney for Trustee Braun wrote that the Trust viewed the Ford "as no longer the responsibility of the estate or the Trust," Trustee Braun undermined the claim. This takes counsel's statements out of context. Counsel said that Mr. Richardson had insured the car. Counsel's disclaimer of responsibility obviously meant that Trustee Braun was not going to pay the insurance premiums. This is not a disclaimer of the Trust's claim to ownership of the Ford.

Finally, Mr. Richardson says that the Trust provisions regarding tangible personal property "do not support this monetary claim against [Mr. Richardson}." This argument is hard to follow. Neither of the cited provisions of the Trust instrument even mention the Ford, let alone give

16

Mr. Richardson rights in it. The Trust does provide that Mrs. Richardson could have maintained a list specifying who would get specific items, but Mr. Richardson offers no evidence that Mrs. Richardson maintained such a list.

I will allow the $2,500 claim for the value of the Ford.

### c. Attorney's Fees

Under Hawaii law, trust litigants may recover their attorney's fees in certain situations:

> In a judicial proceeding involving the administration, interpretation, or validity of a trust, the court may award reasonable attorney's fees, costs, and expenses to any party to the trust who has acted in the best interest of the trust as a whole, to be paid by another party or from the trust that is the subject of the controversy.

Haw. Rev. Stat. § 554D-1004(a).

Mr. Richardson's objection to Trustee Braun's proof of claim "involve[es] the administration [or] interpretation" of the Trust. Whether Trustee Braun is entitled to collect money from Mr. Richardson will affect the "administration" of the Trust. To determine whether Mrs. Richardson intended to allow Mr. Richardson to live in the Aiea Property for free after

17

her passing, the court had to "interpret" the Trust.

But Mr. Richardson's objection to the Trustee's claim is not in the best interest of the Trust as a whole. The exact opposite is true: Mr. Richardson's effort to avoid paying rent, utilities, and the value of the car benefitted him at the expense of the Trust. Therefore, I will deny Mr. Richardson's request for his attorney's fees.

## IV. Conclusion

The claim for the Ford is allowed but the claims for rent and utilities are not allowed.

Accordingly, Mr. Richardson's objection to Claim Number 4 is OVERRULED in part and SUSTAINED in part. The total amount of the Trust's allowed claim is $2,500.00.

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #24-00952   Dkt # 100   Filed  07/19/25   Page 18 of 18